**Ali ASGHAR, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

No. 10–71679.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Jan. 6, 2012.

Mac Nayeri, Esquire, Nayeri Law Grouo PLC, Mesa, AZ, for Petitioner.

ed by 9th Cir. R. 36–3.

Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, OIL, Manuel Palau, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

## MEMORANDUM **

Ali Asghar, a native and citizen of Pakistan, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's removal order and denying his motion to remand. We have jurisdiction under 8 U.S.C. § 1252. We review de novo constitutional claims and review for abuse of discretion the denial of a motion to remand. *Castillo–Perez v. INS*, 212 F.3d 518, 523 (9th Cir.2000). We deny the petition for review.

The BIA did not abuse its discretion in denying Asghar's motion to remand. Asghar contends that his due process rights were violated by the interpretation of his master calendar hearings into Urdu, rather than his native language of Hindko, but he has not established prejudice resulting from the alleged violation. *See Perez–Lastor v. INS*, 208 F.3d 773, 780 (9th Cir.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

2000) (requiring both error and prejudice to prevail on a due process claim based on an incompetent interpretation).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2). Accordingly, Velasquez's request for oral argument is denied.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.